IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

K2 SETTLEMENT, LLC.,            )
                                )
            Plaintiff,          )
                                )
     v.                         ) Civil Action No. 11-0191
                                )
CERTAIN UNDERWRITERS AT LLOYD'S,)
LONDON, AND JOHN DOES, MKL, CSL,)
AUL and CRE                     )
            Defendant.          )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    April 27, 2011

This is a breach of insurance contract and bad faith action. Plaintiff, K2 Settlement, LLC. ("K2"), alleges the defendant, Certain Underwriters at Lloyd's, London, and John Does, MKL, CSL, AUL, and CRE ("Lloyd's"), violated Pennsylvania's Bad Faith insurance statute, 42 Pa. C.S. § 8371 et seq. K2 further contends that Lloyd's agreed to indemnify K2 against certain risks under an insurance bond contract (the "Bond") and that Lloyd's failed to meet its obligations. K2 also contends that Lloyd's denied its claim under the Bond in bad faith by knowingly disregarding its right to coverage. K2 seeks monetary and equitable relief, including compensatory damages, interest, attorney's fees and litigation costs.

Specific to this memorandum and order, K2 suffered a monetary loss after it purchased the assets of Pennsylvania Settlement Services, Inc. ("PASS"), a Pennsylvania corporation

engaged in the title business. Kandi Jablonski was president and record owner of all the issued and outstanding stock of PASS and was personally responsible for all of PASS's liabilities. Under the purchase agreement, Jablonski received 20% membership of K2 and was employed as the president of K2.

K2 alleges that Jablonski made unauthorized withdrawals from the escrow account of PASS. She attempted to cover these losses with funds from K2's escrow account causing K2 to suffer $258,057.83 in losses. K2 submitted claims of these losses to Lloyd's pursuant to the Bond. Lloyd's denied the claim.

Before the court is defendant's motion to dismiss [Doc. No. 20]. In the motion, Lloyd's contends that K2 failed to state a claim that would provide a reasonable basis for insurance coverage from Lloyd's. Lloyd's maintains that the Bond does not cover losses caused by former employees of merged, consolidated or purchased institutions. It further contends that Jablonski did not receive "Improper Personal Financial Gain" as required by Insuring Clause 1 in the Bond. It also argues that the bad faith claim fails as a matter of law.

In response, K2 contends that PASS and K2 were neither merged or consolidated entities. It further contends that the definition of "purchase of another institution" is undefined in the Bond Agreement. Moreover, K2 maintains that Lloyd's ignored K2's allegations that Jablonski was hired by K2 and served as K2's

2

president and employee when the dishonest acts occurred. K2 further purports that Lloyd's has ignored the allegations in the Amended Complaint and that Lloyd's mistakenly contends that avoiding personal liability is not considered "improper personal financial gain."

For the reasons set forth below, the motion will be denied.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal

conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 129 S.Ct. at 1947). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id. (quoting Iqbal, 129 S.Ct. at 1950). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n. 8.

It is on this standard that the court has reviewed defendant's motion and plaintiff's response thereto. The court concludes that it is premature to dismiss any of K2's claims at this stage without the benefit of discovery. For the aforementioned reasons, defendants' motion to dismiss will be denied without prejudice. Defendants may reassert their arguments on the remaining claims in a properly supported motion filed pursuant to Federal Rule of Civil Procedure 56 on a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K2 SETTLEMENT, LLC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-0191 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AND JOHN DOES, MKL, CSL, AUL and CRE | ) |
| Defendant. | ) |

ORDER

AND NOW, this 27th day of April, 2011, upon consideration of defendants' motion to dismiss and plaintiff's response thereto, IT IS HEREBY ORDERED THAT defendant's motion to dismiss [doc. no. 20] is DENIED without prejudice.

BY THE COURT:

_____, C. J.

cc: All Counsel of Record